NOT DESIGNATED FOR PUBLICATION

No. 112,757

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JIMMY G. JAMES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; ROBERT P. BURNS, judge. Opinion filed December 23, 2015. Affirmed.

*Ryan Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Alan T. Fogleman*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., GARDNER, J., and BURGESS, S.J.

*Per Curiam*:  Defendant Jimmy James contends the Wyandotte County District Court erred in denying his motion to suppress illegal drugs and drug paraphernalia a police officer recovered during a traffic stop. Based on the appellate record and the district court's factual findings, we find no error and affirm.

In October 2011, Officer Jeremy Shepard, a member of the Wyandotte County Unified Government police force, saw the pickup truck James was driving roll through a stop sign in Kansas City, Kansas. Officer Shepard pulled the truck over and approached

1

James and his passenger. Officer Shepard asked James for his driver's license or other identification. When James said he didn't have his license with him, Officer Shepard had him step out of the truck. James recited his name and gave other identifying information to Officer Shepard, so the officer could run a warrants check.

While James was standing outside the truck, Officer Shepard noticed a lock-blade knife clipped to the inside of one of the pockets in James' pants. Officer Shepard removed the knife and concluded it was illegal under a municipal ordinance regulating the possession of certain weapons. Officer Shepard then arrested James for possession of the knife and searched him as part of that arrest. Officer Shepard found a glass pipe of the sort commonly used to smoke illegal drugs in another of James' pockets. Based on the discovery of the knife and the pipe, Officer Shepard searched the cab of the pickup and found marijuana and methamphetamine.

The Wyandotte County District Attorney's Office charged James with possession of methamphetamine, a severity level 4 drug felony; no drug tax stamps, a felony; possession of marijuana, a misdemeanor; possession of drug paraphernalia, also a misdemeanor; and no driver's license in possession, a traffic offense. James filed two motions to suppress the pipe, the methamphetamine, and the marijuana because Officer Shepard lacked any lawful reason to have him step out of the truck, thus revealing the knife clipped inside his pocket, and because Officer Shepard had no lawful basis to then search the pickup truck.

At the suppression hearing, Officer Shepard testified to the circumstances of the stop and James' inability to produce any sort of identification when asked. James called Sean Fullerton as his only witness. Fullerton testified that James had telephoned him just before the traffic stop to say he was at an auto parts dealer and had forgotten his wallet. Fullerton, who was temporarily living with James at the time, agreed to deliver James' wallet to him. On the way to the dealer, Fullerton saw the traffic stop and recognized

2

James' pickup, so he pulled up nearby. Fullerton said he approached the truck with the wallet in his hand and was permitted to give the wallet to James, who was still seated in the cab of the truck. At the hearing, James also introduced the booking form for his arrest showing that he had a wallet and driver's license with him when he arrived at the county jail.

At the suppression hearing, the district court credited Officer Shepard's account of the traffic stop and, in particular, his testimony that James failed to produce a driver's license or other identification when asked and, as a result, James was ordered out of the truck. In turn, the district court necessarily discounted Fullerton's testimony that he gave James the wallet and driver's license before Officer Shepard discovered the knife. The district court denied the motion to suppress, finding Officer Shepard properly discovered the knife and arrested James for possession of a weapon violating the municipal ordinance. In turn, Officer Shepard conducted a proper postarrest search of James that revealed the pipe. Based on the discovery of the pipe, Officer Shepard could then lawfully search the cab of the pickup for contraband associated with drug paraphernalia.

At a later bench trial on stipulated facts, the district court convicted James of possession of methamphetamine, possession of marijuana, and possession of drug paraphernalia. James was sentenced to 20 months in prison and placed on probation for 12 months. He has timely appealed and challenges only the district court's ruling denying the motions to suppress.

In reviewing a district court's ruling on a motion suppress, appellate courts apply a bifurcated standard. An appellate court accepts the factual findings of the district court if they are supported by competent evidence having some substance. The appellate court exercises plenary review over legal conclusions based upon those findings, including the ultimate ruling on the motion. *State v. Woolverton*, 284 Kan. 59, 70, 159 P.3d 985 (2007); accord *State v. Thompson*, 284 Kan. 763, 772, 166 P.3d 1015 (2007). The prosecution

bears the burden of proving a search or seizure to be legally proper by a preponderance of the evidence. *State v. Pollman*, 286 Kan. 881, 886, 190 P.3d 234 (2008) (allocation of burden; quantum of evidence); *Thompson*, 284 Kan. at 772 (allocation of burden).

A criminal defendant challenging the propriety of a police search must file a written motion before trial stating "facts showing wherein the search and seizure were unlawful." K.S.A. 22-3216(2). The motion, therefore, defines the asserted facts showing legal defects in a search and, thus, affords the prosecutor notice as to what evidence the State must present at the hearing to satisfy its burden of proof. See *State v. Estrada-Vital*, 302 Kan. 549, 556, 356 P.3d 1058 (2015); *State v. Williams*, No. 98,377, 2008 WL 4849101, at *1 (Kan. App. 2008) (unpublished opinion). A district court may, of course, consider the actual facts adduced at the hearing. Likewise, a motion to suppress need not detail the specific legal theories for suppression nor refute grounds on which the State might argue to the contrary. In short, a motion to suppress has to provide the State some reasonable representation of the factual bases for the alleged illegality of the search. Otherwise, the State's presentation of evidence at the hearing would amount to a guessing game—a result that is neither efficient nor fair.

With those precepts in mind, we turn to James' argument on appeal. He says the search of his pocket that yielded the glass pipe and then of the cab of the truck that yielded the illegal drugs violated the protections of the Fourth Amendment to the United States Constitution against unreasonable government searches because his initial arrest for possession of the knife was improper. On appeal, James argues the State failed to present evidence at the suppression hearing showing the knife to have been unlawful under the municipal ordinance. The parties agree that some lock-blade knives are legal.

In the district court, however, James never disputed that his knife violated the ordinance and, therefore, was illegal. In both written motions to suppress, James described the knife as an illegal lock-blade knife and never suggested (let alone argued)

4

that Officer Shepard was mistaken in his conclusion to that effect. The motions rested on other issues. Similarly, at the hearing, James' lawyer premised his arguments on the illegality of the knife. Accordingly, the prosecutor had no need to go into a description of the knife with Officer Shepard or to offer it as an exhibit at the hearing. Officer Shepard testified in passing that the municipal ordinance prohibits lock-blade knives and James' knife violated the ordinance. James' lawyer did not cross-examine Officer Shepard about the knife or the ordinance. So what we have is a silent record on why exactly the knife violated the ordinance. But in the district court James never contended the knife was legal. And, in turn, the State had no need to offer evidence on that point to defeat the motions to suppress.

On appeal, James cannot turn the silence of the record on what was an undisputed point in the district court—and, thus, an immaterial one—into a valid claim that the State failed to meet its burden in showing the search to be lawful. We reject the effort to do so.

We do not understand James to be arguing on appeal that the search was illegal because James actually had his driver's license when Officer Shepard had him get out of the truck and discovered the knife. That would require crediting Fullerton's testimony, and, as James acknowledges, the district court did not. Nonetheless, James recounts that testimony twice in some detail in his brief. If he is actually making such an argument, it fails precisely because of the district court's credibility determination, a call we cannot and will not disturb on appeal.

Having addressed the points James has made, we need not discuss other aspects of the traffic stop, the search, or the district court's ruling on the motion to suppress.

Affirmed.

5